THE DETROIT EDISON COMPANY v PUBLIC SERVICE
COMMISSION

Docket Nos. 83595, 83674, 87867, 87868. Submitted August 11, 1986,
at Lansing. Decided October 20, 1986. Leave to appeal applied
for.

The Detroit Edison Company petitioned the Public Service Com-
mission for a $177,865,000 increase in its electric rates. The
commission granted a $62,425,000 rate increase. Detroit Edison
thereafter filed a petition for judicial review and sought injunc-
tive relief for an additional $13,846,000 interim rate increase
pending judicial review in the Ingham Circuit Court. The
circuit court issued an order granting the injunctive relief
sought but reserving jurisdiction to determine an appropriate
interest rate and the method of refund should the interim rate
increase be later disallowed. The circuit judge who initially
handled the case resigned and the case was reassigned to
Michael G. Harrison, J., who remanded the case to the commis-
sion so that it could consider additional evidence regarding the
rate increase request. The commission issued a final order
reiterating its original approval of $62,425,000. The circuit
court thereafter affirmed the commission's order, effectively
requiring a refund of the $13,846,000 interim rate increase. The
commission then filed a motion in the circuit court to establish
the principal amount of the refund and an appropriate interest
rate. A hearing on this motion was delayed until the comple-
tion of Detroit Edison's appeal in the Court of Appeals and, if
necessary, the Supreme Court, pursuant to a stipulation be-
tween the parties, who by that time included the Attorney
General, who had intervened as a defendant. The Court of
Appeals affirmed the circuit court's affirmance of the commis-
sion's final order. 127 Mich App 499 (1983). The Supreme Court
thereafter denied Detroit Edison's application for leave to
appeal. 419 Mich 867 (1984). The commission then renewed its
motion for a determination of the refund amount and appropri-

REFERENCES

Am Jur 2d, Public Utilities § 232.
See the annotations in the Index to Annotations under Public
Service Commissions.

ate interest thereon, but later modified its renewed motion to request that the case be remanded to the commission for a determination of an appropriate interest rate. The circuit court ruled that the statutory rate of interest applied to money judgments recovered in civil actions was appropriate in this case and remanded the case to the commission to consider other matters related to the refund. The commission, the Attorney General, and others who had intervened as defendants appealed.

The Court of Appeals *held:*

1. The parties' stipulation upon which the circuit court presumed authority to determine the refund's interest rate had two express purposes, neither of which pertained to an interest rate determination by the circuit court. While there was language in the stipulation which suggested the parties believed that the circuit court would determine the interest issue, it was not sufficiently explicit nor did it display an intent on the part of the parties to bind themselves to a determination of the interest issue by the circuit court.

2. The determination of the rate of interest to be applied to refunds to Detroit Edison's electric customers falls within the broad grant of authority by the Legislature to the Public Service Commission. Therefore, the circuit court lacked subject-matter jurisdiction to determine the interest rate and no stipulation by the parties could have conferred such jurisdiction on the circuit court, where the commission has not had an opportunity to consider the interest rate issue.

3. The case is remanded to the Public Service Commission for its determination of an appropriate interest rate. Circuit court review thereafter is limited to whether the commission's decision relative to the interest rate is lawful or reasonable and whether it is supported by competent, material, and substantial evidence.

Reversed and remanded with instructions.

PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — INTEREST ON REFUNDS TO USERS — STATUTES.

The Public Service Commission has original jurisdiction to determine the appropriate rate of interest that may be imposed on any refunds by a utility to its ratepayers as a result of the disallowance of an interim rate increase obtained by the utility through a circuit court injunction pending the utility's appeal from the commission's denial of its request for a rate increase (MCL 460.6[1]; MSA 22.13[6][1]).

*David L. Clark* and *Thomas A. Hughes,* and

*Foster, Swift, Collins & Coey, P.C.* (by *Theodore W. Swift* and *David W. McKeague*), for The Detroit Edison Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Don L. Keskey,* Assistant Attorney General, for the Public Service Commission.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson,* Assistant Attorney General, for the Attorney General.

*Hill, Lewis, Adams, Goodrich & Tait* (by *Roderick S. Coy* and *David L. Hartsell*), for Great Lakes Steel Division of National Steel Corporation, General Motors Corporation and the Association of Businesses Advocating Tariff Equity.

Before: DANHOF, C.J., and SHEPHERD and D. L. HOBSON,* JJ

PER CURIAM. The Michigan Public Service Commission and several intervening defendants appeal from an order of the Ingham Circuit Court which adopted the statutory rate of interest allowed in civil actions on money judgments, MCL 600.6013; MSA 27A.6013, as the appropriate rate of interest to be applied to refunds due customers of plaintiff The Detroit Edison Company.

On April 10, 1975, Detroit Edison petitioned the commission for permission to increase its electric rates by $177,865,000. On March 30, 1976, the commission authorized a rate increase of $62,425,-000. On April 28, 1976, Detroit Edison filed a petition in Ingham Circuit Court for judicial re-

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

view. At the same time, Detroit Edison requested injunctive relief, seeking an additional, interim increase pending review. On May 28, 1976, the circuit court granted Detroit Edison's request for an injunction, authorizing an additional rate increase of $13,846,000. If the interim increase were ultimately disallowed, the court order provided that the circuit court reserved jurisdiction to determine an appropriate interest rate and the method of refund. Thereafter, the circuit judge who had granted the injunction resigned and the case was reassigned to a different judge.

On January 13, 1978, the circuit court remanded the case to the commission to consider additional evidence. The commission rendered its final decision on remand on July 19, 1979, reaffirming its previous order. On December 23, 1981, the circuit court affirmed the commission's decision, thereby necessitating a refund of the $13,846,000.

On January 8, 1982, the commission filed a motion in circuit court to verify the amount of the principal of the refund and to establish an appropriate rate of interest. Four days later, Detroit Edison claimed an appeal to this Court. On March 1, 1982, Detroit Edison moved the circuit court for a stay of execution of the December 23, 1981, order pending the outcome of the appeal process and submitted an appeal bond. On July 12, 1982, Detroit Edison, the commission, and the Attorney General (one of the intervening defendants) stipulated to postpone the commission's January 8, 1982, motion until all appeals were completed and to accept Detroit Edison's appeal bond as sufficient security.

On July 20, 1983, we affirmed the circuit court's decision disallowing the $13,846,000 interim rate increase. 127 Mich App 499; 342 NW2d 273. On

May 7, 1984, the Supreme Court denied leave. 419 Mich 867.

On August 2, 1984, the commission renewed its motion for the circuit court to determine the amount of the refund. On September 14, 1984, the commission modified its renewed motion and requested that the case be remanded to the commission so that the commission could determine the appropriate rate of interest. The motion to remand was heard on January 7, 1985. The circuit court ruled that it would decide the interest issue but remanded the remaining related procedural issues to the commission. The parties were given thirty days to file depositions of expert testimony and briefs. On February 26, 1985, the circuit court issued an opinion and an order adopting the rate of interest set forth in MCL 600.6013; MSA 27A.6013, the statute which governs the rate of interest to be applied on money judgments recovered in civil actions.

On appeal, the commission argues that the circuit court erred by refusing to remand the interest question to the commission. Apparently, the main reason the circuit court determined the interest question itself was because it believed the parties had stipulated that it do so:

> It impresses this Court that when an appeal is taken that the interest rate rests within the determination of the Court, plus the fact that in this particular instance we have a stipulation. And I don't know what a stipulation is worth if it doesn't mean what it says. I cannot understand how it can say that the Court is to determine the interest if the Court is not to determine the interest.
>
> One thing that impresses me . . . is that if it was known, obviously as it must have been at the time the stipulation was entered into, that this was such a complex matter, then obviously the

stipulation shouldn't have been drafted in the manner in which it was. It should have specifically recognized the importance of sending it back to the Commission.

Now, to say that I'm pleased with having to make such determinations and getting involved in this matter any further is maybe an understatement [sic]. Frankly, I cannot conceive of why there can't be more effort put forth in the settlement of these matters.[1]

The stipulation which the circuit court referred to is entitled "Stipulation for Postponement of Proceedings on Motion for Refunds and for Acceptance of Appellant's Bond Pending Appeal" and provides in full:

Now COMES the parties hereto, Plaintiff-Appellant Detroit Edison Company (Edison), Defendant-Appellee Michigan Public Service Commission (Commission), and Intervening Defendant-Appellee Attorney General Frank J. Kelley (Attorney General), by their undersigned counsel, and hereby stipulate and agree as follows:

1. The Commission's January 8, 1982 Motion for Determination of Refunds, and Edison's March 1, 1982 Motion For Stay After Appeal Taken, may be postponed until completion of appellate proceedings before the Michigan Court of Appeals, and if applicable, the Michigan Supreme Court.

2. Edison's appeal bond attached to its March 1, 1982 Motion for Stay After Appeal Taken is hereby agreed to as constituting sufficient security to obligate Edison to making refunds, if necessary,

---

1 In its opinion, the circuit court wrote:

The parties did not agree to submit the issue to the Public Service Commission (Commission), but stipulated that the rates were to be determined by the Court. In part, the determination of the Court is based on its position that its role is not to be embroiled in the quagmire of theories propounded by the parties and to pick and choose therefrom.

of the principal amount collected pursuant to the Ingham Circuit Court's 1976 preliminary injunctive orders, *plus appropriate interest to be determined by the Court.* The parties further agree that the terms of Edison's appeal bond shall not prejudice any party's right to contend that an amount of principal or interest, other than as stated in the appeal bond, should be refunded to ratepayers.

3. The parties agree to diligently pursue final determination of all appeal issues, and the determination of appropriate refunds, if applicable, upon final disposition of this case by the Michigan Court of Appeals and/or Supreme Court.

4. The parties agree that the attached proposed order of the Court accepting Edison's appeal bond and postponing proceedings on the refund motion should be signed and entered by the Court in this docket. [Emphasis added.]

It has long been the rule that stipulations should be construed as a whole, according to their purpose, and in light of the surrounding facts and circumstances. *Security Trust Co v Glazier,* 170 Mich 26, 34-35; 135 NW 904 (1912); *Whitley v Chrysler Corp,* 373 Mich 469, 474; 130 NW2d 26 (1964). Moreover, the language of a stipulation will not be construed so as to give the effect of a waiver of a right not plainly intended to be relinquished. *Whitley, supra; In re Cole Estate,* 120 Mich App 539, 544; 328 NW2d 76 (1982).

In the instant case, the stipulation at issue had two express purposes: to postpone consideration of the commission's motion until the appeal process was complete and to certify that Detroit Edison's appeal bond was sufficient security. While there is language in the stipulation which suggests that the parties believe the circuit court would determine the interest issue, it is not sufficiently explicit nor does it display a plain intent on the part of the parties to bind themselves to a circuit court

determination. Moreover, the assumption of the parties that the circuit court would decide the issue is understandable in light of the fact that the circuit court in its May 28, 1976, order purported to reserve jurisdiction to determine the rate of interest.

Finally, we note that if the circuit court did not have subject-matter jurisdiction, the issue we address next, the stipulation could not confer it. Subject-matter jurisdiction cannot be gained by consent. *Bandfield v Wood,* 104 Mich App 279, 282; 304 NW2d 551 (1981), aff'd 421 Mich 774; 364 NW2d 280 (1985). Thus, we conclude that the stipulation did not require the circuit court to determine the appropriate rate of interest to be applied to the refund principal.

Having so concluded, we now turn to whether the circuit court has original jurisdiction in a utility refund case to take evidence, to make factual findings, and to draw conclusions where the commission has not had the opportunity to consider the question under examination.

Const 1963, art 6, § 13 and MCL 600.605; MSA 27A.605 confer broad original jurisdiction upon the circuit courts over legal and equitable claims. The latter provides:

> Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state.

The jurisdiction of the Public Service Commission is set forth at MCL 460.6(1); MSA 22.13(6)(1):

> The public service commission is vested with

complete power and jurisdiction to regulate all public utilities in the state except a municipally owned utility, the owner of a renewable resource power production facility as provided in section 6d, and except as otherwise restricted by law. *The public service commission is vested with the power and jurisdiction to regulate all rates, fares, fees, charges, services, rules, conditions of service, and all other matters pertaining to the formation, operation, or direction of such public utilities. The public service commission is further granted the power and jurisdiction to hear and pass upon all matters pertaining to, necessary, or incident to the regulation of all public utilities,* including electric light and power companies, whether private, corporate, or cooperative, gas companies, water, telephone, telegraph, oil, gas, and pipeline companies, motor carriers, and all public transportation and communication agencies other than railroads and railroad companies. [Emphasis added.]

We believe that the determination of the rate of interest to be applied to customer refunds falls within this broad grant of authority. The selected rate of interest has a direct impact on the fees and charges that a utility's customers ultimately pay for service. For example, in the instant case, even the most conservative rate of interest presented to the circuit court represents a sum almost equal to the original principal.[2] The least conservative figure is more than double the original principal.[3] Since the rate of interest is at least incident to the regulation of a public utility, the commission should have been given the opportunity to hear and pass upon the issue.

Our holding is buttressed by the fact that MCL 462.26; MSA 22.45 limits circuit court involvement

---

[2] $12,202,376. This figure is the amount generated through application of MCL 600.6013; MSA 27A.6013 and is the interest figure which the circuit court selected.

[3] $28,871,852.

to appellate review. Under subsection (a), the circuit court may only act if there is an order or decision by the commission and may set aside an order or decision only if it is unlawful or unreasonable.[4] Further, subsection (c) requires the circuit court to transmit to the commission any evidence that is different than or additional to the evidence introduced at the agency level and requires the commission to consider the same and report any changes in its original order. Thus, MCL 462.26; MSA 22.45 clearly expresses a legislative intent that all relevant evidence be presented to the commission, that the commission have the opportunity to draw its own conclusions, and that the circuit court may not sit as the original trier of fact.

Our opinion is not changed by the fact that the circuit court has general equitable powers to provide injunctive relief from decisions of the commission. *Consumers Power Co v PSC,* 415 Mich 134; 327 NW2d 875 (1982); *Michigan Consolidated Gas Co v PSC,* 389 Mich 624; 209 NW2d 210 (1973), or by the fact that the excess charges which must now be refunded were collected as a result of an exercise of the circuit court's equitable powers. While a guarantee of a refund with interest protects the customers of a utility and facilitates the grant of an injunction which authorizes an increase beyond the level permitted by the commission, there is no reason why the interest element of the guarantee needs or ought to be determined by the circuit court as part of its equitable powers. The circuit court's equitable powers arise from situations where there is probable cause to believe that a party is threatened with irreparable injury.

---

[4] The circuit court may also set aside an order if it is not supported by competent, material, and substantial evidence. Const 1963, art 6, § 28.

*Consumers Power, supra,* p 153. The method of establishing an interest rate simply does not present a situation of a comparable nature. Moreover, this complex subject is one in which the commission has superior expertise.

On remand, the commission will have the opportunity to consider the evidence presented to the circuit court or, if it chooses, to take new evidence. When it has reached its own determination of the appropriate interest rate, the circuit court's review will be limited to whether the commission's decision is lawful or reasonable and whether it is supported by competent, material, and substantial evidence.

In light of our disposition, we decline to address whether the circuit court correctly applied the rate of interest set forth in MCL 600.6013; MSA 27A.6013 to the instant situation.

Reversed and remanded for further proceedings consistent with this opinion. We retain no jurisdiction.