ATTORNEY GENERAL v PUBLIC SERVICE COMMISSION

THE DETROIT EDISON COMPANY v PUBLIC SERVICE
COMMISSION

Docket Nos. 95494, 95495. Submitted July 21, 1987, at Lansing.
Decided September 24, 1987.

In 1975 the Michigan Public Service Commission ordered that
The Detroit Edison Company could not impose a surcharge
upon its customers to recover fuel costs. The order was upheld
on appeal, however, Detroit Edison had already surcharged its
customers. Therefore, the dispute began again over the issue of
the proper interest rate Detroit Edison should pay when re-
funding the money. Hearings were conducted before the PSC.
Representatives for the Attorney General, the Association of
Businesses Advocating Tariff Equity (ABATE) and Detroit Edison
presented arguments. On June 13, 1984, the PSC ordered that
interest should be calculated on the basis of the authorized rate
of return on common equity, without compounding. The Attor-
ney General and ABATE sought a rehearing on the issue of the
method of compounding interest. Rehearing was denied and the
Attorney General and ABATE filed suit in the Ingham Circuit
Court against the PSC. Detroit Edison was allowed to intervene
as a defendant. The Circuit Court, James T. Kallman, J.,
ordered that the case be stayed while the PSC considered
different or additional evidence. On March 11, 1986, the PSC
ordered, as it ordered in 1984, that interest should be calcu-
lated on the basis of the authorized rate of return on common
equity, but that interest should be compounded quarterly.
Detroit Edison then filed suit in the Ingham Circuit Court
against the PSC, the Attorney General, and ABATE. The circuit

REFERENCES

Am Jur 2d, Public Utilities §§ 232, 236, 240-243, 274, 275, 284, 287.

Amount paid by public utility to affiliate for goods or services as
includible in utility's rate base and operating expenses in rate
proceeding. 16 ALR4th 454.

Right of customers of public utility with respect to fund represent-
ing a refund from another supplying utility upon reduction of
latter's rates. 18 ALR2d 1343.

Adequacy, as regards right to injunction, of other remedy for
review of order fixing public utility rates. 8 ALR2d 839.

court, James T. Kallman, J., finding that most of Detroit Edison's arguments had been previously waived, affirmed the order of the PSC as being lawful and reasonable. Detroit Edison appealed from the circuit court's orders.

The Court of Appeals *held:*

1. Detroit Edison is not estopped from challenging the interest rate set by the PSC's 1984 order. The 1986 order took the place of the 1984 order and became an order from which Detroit Edison could appeal.

2. The PSC and not the circuit court has authority both to order the rate of interest to be paid and the method of compounding the interest. The interest rate ordered by the PSC, and the quarterly compounding of interest, is neither unlawful nor unreasonable.

3. Detroit Edison's claims that it was denied due process, equal protection, and fair and just treatment have no merit.

Affirmed.

1. Public Utilities — Public Service Commission — Motions and Orders.

An altered, modified, or amended order of the Public Service Commission takes the place of its original order (MCL 462.26[c]; MSA 22.45[c]).

2. Public Utilities — Public Service Commission — Actions — Parties.

An interested party may appeal from any order of the Public Service Commission (MCL 462.26[a]; MSA 22.45[a]).

3. Public Utilities — Public Service Commission — Customer Refunds.

The Public Service Commission has complete power to regulate public utilities and their rates or other charges; the PSC has authority to order the rate of interest to be paid on customer refunds and the method of compounding the interest.

4. Public Utilities — Public Service Commission — Burden of Proof.

A party aggrieved by an order of the Public Service Commission bears the burden of proving by clear and satisfactory evidence that the order is unlawful or unreasonable; "unlawful" is defined for such purposes as an erroneous interpretation or application of law and "unreasonable" is defined as unsupported by evidence (MCL 462.26[e]; MSA 22.45[e]).

5. Public Utilities — Public Service Commission — Constitutional Law — Motions and Orders.

Final orders by the Public Service Commission must be autho-

rized by law and supported by competent, material and substantial evidence (Const 1963, art 6, § 28).

6. PUBLIC UTILITIES — PUBLIC SERVICE COMMISSION — INJUNCTIONS.

A circuit court has equitable power to order injunctive relief from orders of the Public Service Commission in addition to its review of the orders under the unlawful or unreasonable standard of review provided by statute (MCL 462.26[e]; MSA 22.45[e]).

7. CONSTITUTIONAL LAW — EQUAL PROTECTION.

Equal protection guarantees that persons under similar circumstances and conditions be treated equally unless there is a rational basis for treating them differently.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Hugh B. Anderson,* Assistant Attorney General, for the Attorney General.

*A. Robert Pierce, Jr.,* and *Solomon Bienenfeld,* for the Detroit Edison Company.

*Hill, Lewis, Adams, Goodrich & Tait* (by *Roderick S. Coy* and *Timothy M. Perrone*), for the Association of Businesses Advocating Tariff Equity.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Don L. Keskey* and *James A. Ault,* Assistant Attorneys General, for the Michigan Public Service Commission.

Before: DANHOF, C.J., and G. R. MCDONALD and E. M. THOMAS,* JJ.

PER CURIAM. The Detroit Edison Company appeals as of right from the Ingham Circuit Court's order affirming an order of the Michigan Public Service Commission. Although Detroit Edison raises eight issues on appeal, the basis of most of

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

its arguments is that the interest it must pay on customer refunds is excessive. We affirm the order of the PSC.

This case began in 1975 when the PSC ordered that Detroit Edison could not impose a surcharge upon its customers to recover fuel costs. The order was eventually upheld. *Detroit Edison Co v PSC,* 82 Mich App 59; 266 NW2d 665 (1978), lv den 403 Mich 823 (1978), lv gtd on motion for reconsideration 403 Mich 853 (1978), aff'd by equally divided court 416 Mich 510; 331 NW2d 159 (1982), reh den 417 Mich 1133 (1983). However, Detroit Edison had already surcharged its customers, so the dispute began again over the issue of the proper interest rate Detroit Edison should pay when refunding the money.

Hearings before the PSC began on September 7, 1983. Detroit Edison argued for several different interest rates, all with quarterly compounding. The PSC recommended use of the authorized rate of return on common equity, with interest compounded quarterly. Both the Attorney General and the Association of Businesses Advocating Tariff Equity (ABATE) recommended use of the average monthly prime rate in effect from time to time, as published in the Federal Reserve Bulletin, with interest compounded monthly. On June 13, 1984, the PSC ordered that interest should be calculated on the basis of the authorized rate of return on common equity, without compounding. Detroit Edison was satisfied with this order because it resulted in having the money it had already refunded exceed the amount of its obligation.

The Attorney General and ABATE sought a rehearing on the issue of the method of compounding interest. Rehearing was denied and the Attorney General and ABATE filed suit in Ingham Circuit Court. After hearing testimony, the circuit

court ordered that the case be stayed while the PSC considered different or additional evidence according to MCL 462.26(c); MSA 22.45(c). On remand before the PSC, the Attorney General and ABATE argued for use of the average prime rate compounded monthly. In the alternative, the Attorney General argued for use of the prime rate compounded quarterly or the rate of return on common equity compounded daily, monthly, or quarterly. Detroit Edison argued that the use of simple interest was appropriate.

On March 11, 1986, the PSC ordered, as it ordered in 1984, that interest should be calculated on the basis of the authorized rate of return on common equity, but that interest should be compounded quarterly. This would result in Detroit Edison owing its customers money in addition to that already refunded. Detroit Edison filed suit in Ingham Circuit Court. Finding that most of Detroit Edison's arguments had been previously waived, the Ingham Circuit Court affirmed the order of the PSC because it was not unlawful or unreasonable.

The first issue raised by Detroit Edison is whether it is estopped from challenging the interest rate set by the PSC's 1984 order. The circuit court ruled that most of the arguments raised by Detroit Edison were waived because it did not appeal from the 1984 order. We disagree. Under MCL 462.26(c); MSA 22.45(c) an altered, modified, or amended order of the PSC takes the place of its original order. Under § 26(a), an interested party may appeal from "any order" of the PSC. Therefore, the 1986 order took the place of the 1984 order and became an order from which Detroit Edison could appeal. Although the rate of interest ordered did not change from 1984 to 1986, and Detroit Edison did not appeal from the interest

rate ordered in 1984, we will consider the issues raised by Detroit Edison insofar as they pertain to the 1986 order.

Detroit Edison's next argument is that the circuit court has plenary power to order equitable relief. Detroit Edison makes no argument as to what would be the consequence of acceptance of this statement. However, we will consider it along with Detroit Edison's other arguments regarding whether the PSC has the authority to order payment of interest in excess of five percent, compounded quarterly.

The PSC has complete power to regulate public utilities and their rates or other charges. MCL 460.6; MSA 22.13(6). Accordingly, MCL 462.26(e); MSA 22.45(e) provides that a party aggrieved by an order of the PSC bears the burden of proving by clear and satisfactory evidence that the order is unlawful or unreasonable. Const 1963, art 6, § 28 is also applicable and it provides that final agency orders must be authorized by law and supported by competent, material and substantial evidence. "Unlawful" has been defined as an erroneous interpretation or application of law and "unreasonable" has been defined as unsupported by evidence. *Associated Truck Lines, Inc v PSC,* 377 Mich 259; 140 NW2d 515 (1966). Therefore, the unlawful or unreasonable standard of review encompasses the constitutional standard of review.

In addition to its review under the unlawful or unreasonable standard, the circuit court has equitable power to order injunctive relief from orders of the PSC. Applying these principles, this Court held in *Detroit Edison Co v PSC,* 155 Mich App 461; 400 NW2d 644 (1986), that the determination of the rate of interest to be paid on customer refunds falls within the broad grant of authority vested in the PSC. We noted that the circuit court's

equitable powers are to be exercised in cases where irreparable injury is threatened, and that the setting of an interest rate is not such a case and is better left to the expertise of the PSC. Applying the unlawful or unreasonable standard of review, this Court upheld the order of the PSC. Likewise, we hold that the PSC and not the circuit court has authority to order both the rate of interest to be paid and the method of compounding the interest. We will not set aside the order of the PSC unless it is unlawful or unreasonable.

Having considered above the authority of the PSC to order that interest be paid on refunds, we conclude that the PSC's order that interest be paid is not unlawful. Nor can we find that the amount of interest ordered is unreasonable. MCL 460.6j(16); MSA 22.13(6j)(16) provides that interest shall be paid on refunds ordered as part of a power supply cost reconciliation. The interest rate set by statute is the greater of the short-term borrowing rate available to the utility or the authorized rate of return on the common stock of the utility. The refund ordered in the present case is not the result of a power supply cost reconciliation. Therefore, MCL 460.6j(16); MSA 22.13(6j)(16) does not apply, but it does serve as guidance as to the reasonableness of the rate ordered in this case. In addition, the interest rate adopted is supported by testimony that it is simple to derive, objective, not subject to controversy and fairly places customers on an equal basis with common stockholders. Therefore, the interest rate ordered is neither unlawful nor unreasonable.

Likewise, we cannot find that the quarterly compounding of interest is unlawful or unreasonable. The compounding is supported by evidence that use of simple interest is outdated and erodes the interest to which ratepayers are entitled. In

addition, there was testimony that compounding has become standard financial practice and it fairly reflects the cost to ratepayers of having lost the use of the monies involved. Therefore, we cannot say that the order of the PSC is unlawful or unreasonable.

Detroit Edison raises three constitutional arguments. Since the interest rate in the present case is not unlawful or unreasonable, we need not address Detroit Edison's due process argument. Detroit Edison also argues that it is denied equal protection by being assessed interest at a rate greater than that allowed on money judgments in civil actions. Equal protection guarantees that persons under similar circumstances and conditions be treated equally unless there is a rational basis for treating them differently. *Moore v Spangler,* 401 Mich 360, 370; 258 NW2d 34 (1977). As an investor-owned utility, Detroit Edison is not similarly situated with judgment debtors. Therefore, there is no merit to Detroit Edison's argument that it is denied equal protection.

Finally, Detroit Edison argues that it was denied fair and just treatment guaranteed by Const 1963, art 1, § 17. We do not find that Detroit Edison was treated unfairly or unjustly.

Affirmed.