# STATE OF MICHIGAN

# COURT OF APPEALS

_____

In Re Application of MICHIGAN CONSOLIDATED
GAS COMPANY to Increase Rates.

_____

ASSOCIATION OF BUSINESSES
ADVOCATING TARIFF EQUITY,

   Appellant,

v

MICHIGAN PUBLIC SERVICE COMMISSION,

   Appellee,

and

MICHIGAN CONSOLIDATED GAS COMPANY,

   Petitioner-Appellee.

UNPUBLISHED
December 11, 2014

No. 316141
MPSC
LC No. 00-016999

_____

In re Application of MICHIGAN
CONSOLIDATED GAS COMPANY to Increase
Rates.

ATTORNEY GENERAL,

   Appellant,

v

MICHIGAN PUBLIC SERVICE COMMISSION,

   Appellee,

and

MICHIGAN CONSOLIDATED GAS COMPANY,

No. 316263
MPSC
LC No. 00-016999

_____

-1-

Petitioner-Appellee.

Before:  RONAYNE KRAUSE, P.J., and K. F. KELLY and STEPHENS, JJ.

PER CURIAM.

In these consolidated cases appellants Association of Businesses Advocating Tariff Equity (ABATE) and the Attorney General appeal an order of the Michigan Public Service Commission (PSC) approving the application by Michigan Consolidated Gas Company, n/k/a DTE Gas Company (Mich Con), for an increase in rates.

## I.  BACKGROUND

These cases deal with the PSC's decision to approve a surcharge mechanism fashioned by Mich Con to recover the costs of programs approved by the PSC in prior cases.

In Case No. U-15985, the PSC Staff submitted evidence regarding Mich Con's gas main system, a significant percentage of which was constructed of cast iron and unprotected steel. The evidence showed that the system had numerous leaks and did not comply with applicable safety standards.  The PSC directed Mich Con to file a plan to renew the system and to reduce the amount of cast iron in the system.  Mich Con asserted that the high number of inside gas meters contributed to the problem; therefore, the PSC directed Mich Con to file a plan to move the meters to outside locations.  The PSC directed Mich Con to include proposals for financing the programs and recovering the costs in its next general rate case.

In Case No. U-16407, Mich Con filed an application setting out a proposed 10-year main renewal program (MRP).  Mich Con proposed "a ten-year program to replace and retire distribution mains, renew associated service lines, and relocate associated inside meters."  Mich Con projected an annual capital expenditure of $17.1 million for the MRP.  Mich Con proposed to finance the MRP with funds set aside for capital spending, and indicated that if expenses exceeded the amount set aside it would file a general rate case proposing methods to generate additional capital.  The PSC adopted Mich Con's proposal.

In Case No. U-16451, Mich Con filed an application setting out a proposed long-term meter move-out (MMO) program in compliance with the PSC's order in Case No. U-15985.  The PSC found that the MMO proposal as stated met the requirements of the order, and directed Mich Con to include a proposal for cost recovery for the MMO program in Mich Con's next rate case.

## II.  UNDERLYING PROCEEDINGS IN THE INSTANT CASE

Mich Con filed an application "requesting authority to increase rates, amend its rate schedules, obtain approval of certain accounting matters and modify certain terms and conditions of providing natural gas services."  Mich Con sought recovery of its investment in the MMO and MRP programs and for capital associated with Pipeline Integrity (PI) through an Infrastructure Recovery Mechanism (IRM).

During the pendency of this case the PSC approved a partial settlement agreement. The order authorized a rate increase for Mich Con totaling $19.9 million and resolved other issues; however, the issue of Mich Con's proposed IRM was not settled.

The PSC issued an order approving the application. Regarding the IRM, the PSC stated in part:

> The parties dispute whether the IRM constitutes an automatic adjustment clause prohibited under MCL 460.6a(2). Mich Con and the Staff contend that because the annual surcharges are approved in this fully contested proceeding, and because the surcharges can only be reduced in the future if the company underspends, then no additional hearings are required. Conversely, the Attorney General argues that the IRM surcharges will increase by an unknown amount every year and that interested parties are denied a meaningful opportunity to be heard before these increases take effect. The ALJ agreed with the Attorney General.

> The Commission generally agrees that when rate adjustments occur outside of a general rate case, caution must be exercised both to protect the public interest and to avoid running afoul of Section 6a(2). Thus, for the great majority of trackers that the Commission has approved, the annual reconciliations have been conducted as contested cases, whether the outcome was expected to result in a surcharge or a refund to customers.

> The Court of Appeals' decisions concerning automatic adjustment clauses, cited by the company and the Staff, involved instances where rates would <u>increase</u> and where the Court affirmed the implementation of an adjustment mechanism provided that a limited purpose hearing was conducted before any rate increase occurred. However, the parties cite no authority to support their claim that if rates can only <u>decrease</u>, no additional hearings are required. While the Court has made clear that at least a limited purpose hearing is necessary if rates go up, Section 6a(2) does not specify whether notice and a hearing is only required in the case of a rate increase; the section only references the prohibition of "automatic adjustment clauses," without distinguishing whether the adjustment is up or down. Therefore, the Commission finds that notice and a hearing should be provided annually to permit an examination of Mich Con's March 31 reports on the MMO, the MRP, and the PI. The hearing shall be limited to reviewing the work performed, including an assessment of the appropriateness of the costs assigned to the various IRM programs, and recommending any downward adjustment to the surcharge in the event the company underspends on the various gas safety programs.

> * * *

> The Attorney General and ABATE argue that the IRM violates the provision under Section 6a(1), which states: "A utility may use projected costs and revenues for a future consecutive 12-month period in developing its requested

rates and charges." According to them, the IRM uses costs and revenues projected beyond the test year used for base rates and as such cannot be approved. The Commission disagrees. As Mich Con pointed out, the IRM surcharges are based on the 2013 test year capital expenditures totaling $77.4 million for the MMO, MRP, and PI programs. These expenditures will not change and the surcharges approved in this proceeding will not be revised unless the company underspends.

The PSC approved the IRM and reconciliation proceedings for the MRP, MMO, and PI programs as modified.

III. STANDARD OF REVIEW

The standard of review for PSC orders is narrow and well defined. Pursuant to MCL 462.25, all rates, fares, charges, classification and joint rates, regulations, practices, and services prescribed by the PSC are presumed, prima facie, to be lawful and reasonable. *Michigan Consol Gas Co v Pub Serv Comm*, 389 Mich 624, 635-636; 209 NW2d 210 (1973). A party aggrieved by an order of the PSC has the burden of proving by clear and satisfactory evidence that the order is unlawful or unreasonable. MCL 462.26(8). To establish that a PSC order is unlawful, the appellant must show that the PSC failed to follow a mandatory statute or abused its discretion in the exercise of its judgment. *In re MCI Telecom Complaint*, 460 Mich 396, 427; 596 NW2d 164 (1999). An order is unreasonable if it is not supported by the evidence. *Associated Truck Lines, Inc v Pub Serv Comm*, 377 Mich 259, 279; 140 NW2d 515 (1966).

A final order of the PSC must be authorized by law and be supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; *Attorney General v Pub Serv Comm*, 165 Mich App 230, 235; 418 NW2d 660 (1987).

We give due deference to the PSC's administrative expertise, and we do not substitute our judgment for that of the PSC. *Attorney General v Pub Serv Comm No 2*, 237 Mich App 82, 88; 602 NW2d 225 (1999). We give respectful consideration to the PSC's construction of a statute that the PSC is empowered to execute, and we will not overrule that construction absent cogent reasons. If the language of a statute is vague or obscure, the PSC's construction serves as an aid to determining the legislative intent, and will be given weight if it does not conflict with the language of the statute or the purpose of the Legislature. However, the construction given to a statute by the PSC is not binding upon us. *In re Complaint of Rovas Against SBC Michigan*, 482 Mich 90, 103-109; 754 NW2d 259 (2008). Whether the PSC exceeded the scope of its authority is a question of law that we review de novo. *In re Complaint of Pelland Against Ameritech Michigan*, 254 Mich App 675, 682; 658 NW2d 849 (2003).

The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). If the plain and ordinary meaning of statutory language is clear, judicial construction is neither necessary nor permitted. *Cherry Growers, Inc v Agricultural Mktg & Bargaining Bd*, 240 Mich App 153, 166; 610 NW2d 613 (2000). We review de novo issues of statutory interpretation and application. *Coblentz v Novi*, 475 Mich 558, 567; 719 NW2d 73 (2006).

IV. ANALYSIS

On appeal, appellants ABATE and the Attorney General argue that the PSC has only that authority granted to it by the Legislature, and that the implementation of an IRM is not authorized by any statute. Appellants assert that the PSC must use the traditional ratemaking process, including the consecutive 12-month test year required by MCL 460.6a(1), to permit Mich Con to recover capital expenditures for the MMO, the MRP, and the PI programs. The PSC did not do so; therefore, its order is unlawful. We disagree.

MCL 460.6a(1) provides in pertinent part:

A gas or electric utility shall not increase its rates and charges or alter, change, or amend any rate or rate schedules, the effect of which will be to increase the cost of services to its customers, without first receiving commission approval as provided in this section. The utility shall place in evidence facts relied upon to support the utility's petition or application to increase its rates and charges, or to alter, change, or amend any rate or rate schedules. The commission shall require notice to be given to all interested parties within the service area to be affected, and all interested parties shall have a reasonable opportunity for a full and complete hearing. A utility may use projected costs and revenues for a future consecutive 12-month period in developing its requested rates and charges.

This statute gives the PSC broad authority to regulate rates for public utilities. This authority does not include the power to make management decisions for a public utility. *Consumers Power Co v Pub Serv Comm*, 460 Mich 148, 157-158; 596 NW2d 126 (1999); *Union Carbide Corp v Pub Serv Comm*, 431 Mich 135, 148-150; 428 NW2d 322 (1988). These cases do not stand for the proposition that the PSC lacks discretion to approve a cost recovery mechanism absent statutory authority for the creation of that specific mechanism. See, e.g., *Great Wolf Lodge v Pub Serv Comm*, 489 Mich 27, 42-43; 799 NW2d 155 (2011) (authority to award interest not authorized by statute, but lawful under MCL 460.6(1)).[1]

The PSC is not required to use any particular formula when setting rates. *Residential Ratepayer Consortium v Pub Serv Comm*, 239 Mich App 1, 6; 607 NW2d 391 (1999). We have repeatedly approved the use of a tracker mechanism, i.e., a mechanism that adjusts future rates in light of actual past costs. See *In re Applications of Detroit Edison Co*, 296 Mich App 101, 112-114; 817 NW2d 630 (2012) (and cases cited therein). The IRM is such a tracker mechanism. The IRM is designed to allow Mich Con to recover capital expenditures made for the MMO, the MRP, and the PI programs.

---

[1] The Attorney General cites no applicable authority in support of its assertion that the PSC lacked the authority to approve the IRM because no Michigan Supreme Court decision has affirmed the PSC's power in that regard. An appellant cannot simply announce a position and then leave it to this Court to locate authority to support that position. *Bronson Methodist Hosp v Michigan Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012).

We hold that the PSC did not err by approving the IRM, and that the PSC's order is not unlawful or unreasonable in this regard.

Next, ABATE argues that the IRM violates MCL 460.6a(2) and constitutes an unlawful adjustment clause because it does not provide for a full and complete hearing prior to an adjustment in the rates. We disagree.

MCL 460.6a(2) provides in pertinent part:

(2) The commission shall adopt rules and procedures for the filing, investigation, and hearing of petitions or applications to increase or decrease utility rates and charges as the commission finds necessary or appropriate to enable it to reach a final decision with respect to petitions or applications within a period of 12 months from the filing of the complete petitions or applications. The commission shall not authorize or approve adjustment clauses that operate without notice and an opportunity for a full and complete hearing, and all such clauses shall be abolished. . . . As used in this section:

(a) "Full and complete hearing" means a hearing that provides interested parties a reasonable opportunity to present and cross-examine evidence and present arguments relevant to the specific element or elements of the request that are the subject of the hearing.

The PSC acknowledged that if rate adjustments occurred outside the context of a general rate case, caution was required so that MCL 460.6a(2) was not violated. The PSC found that there was no statutory requirement that a hearing under MCL 460.6a(2) must be held if a rate could only be adjusted downward. Nevertheless, the PSC ordered that an annual hearing be held to examine Mich Con's report on its work during the previous year.

The amount of the IRM surcharge for the 2013 test year and beyond was established during the contested case hearing. These surcharges cannot increase, but the surcharges can decrease if Mich Con spends less than the sum anticipated on the MMO, the MRP, and the PI programs.

ABATE contends that the "full and complete hearing" required by MCL 460.6a(2) is essentially a contested case hearing like that defined in MCL 24.203(3).[2] ABATE asserts that the type of proceeding ordered by the PSC does not allow parties to cross-examine the evidence or present argument "relevant to the specific element or elements of the request that is the subject of the hearing, all in violation of MCL 460.6a(2)." However, the annual hearing ordered by the PSC must include notice and the filing of a report by Mich Con. The hearing as described by the PSC would be "limited to reviewing the work performed, including an assessment of the appropriateness of the costs assigned to the various IRM programs, and recommending any

---

[2] MCL 24.203(3) defines "contested case" as "a proceeding, including rate-making, price-fixing, and licensing, in which a determination of the legal rights, duties, or privileges of a named party is required by law to be made by an agency after an opportunity for an evidentiary hearing."

downward adjustment to the surcharge in the event the company underspends on the various gas safety programs." This description of the hearing required by the PSC order affords the parties the opportunity to cross-examine the evidence, i.e., Mich Con's report detailing the work performed in the various programs, to argue whether Mich Con's spending on that work was appropriate, and to argue for or against a downward adjustment to the IRM surcharge. Thus the hearing process set out by the PSC meets the definition of a "full and complete hearing" in MCL 460.6a(2)(a).

Next, ABATE argues that the PSC violated MCL 24.285 by failing to make sufficient findings of fact and conclusions of law; the PSC failed to explain why it approved expenditures that were outside the test year, and also failed to explain why the hearing procedure it established was authorized by law since it did not permit the parties to have a full and complete hearing. We disagree.

MCL 24.285 states in pertinent part:

A final decision or order of an agency in a contested case shall be made, within a reasonable period, in writing or stated in the record and shall include findings of fact and conclusions of law[.] . . . Findings of fact shall be based exclusively on the evidence and on matters officially noticed. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting them. . . . Each conclusion of law shall be supported by authority or reasoned opinion. A decision or order shall not be made except upon consideration of the record as a whole or a portion of the record as may be cited by any party to the proceeding and as supported by and in accordance with the competent, material, and substantial evidence.

The PSC's order must contain sufficient information to permit meaningful appellate review. *Viculin v Dep't of Civil Serv*, 386 Mich 375, 405; 192 NW2d 449 (1971).

ABATE argues that the PSC failed to explain decisions that ABATE contends are erroneous. However, the PSC set out its explanation of why it determined that establishment of the IRM surcharge schedule did not violate MCL 460.6a(2) and what kind of annual hearing would be necessary. The PSC's opinion contains sufficient detail to permit meaningful appellate review, and thus does not violate MCL 24.285. See *ABATE v Pub Serv Comm*, 205 Mich App 383, 394; 522 NW2d 140 (1994). ABATE disagrees with the PSC's findings of fact and conclusions of law regarding the test year and the annual hearing, but ABATE has not established that these findings and conclusions are insufficient to be reviewed and thus violate MCL 24.285.

## V. CONCLUSION

Neither appellant has raised an argument that warrants relief. The PSC's order is not unlawful or unreasonable.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Cynthia Diane Stephens