# STATE OF MICHIGAN

# COURT OF APPEALS

In re Application of DETROIT EDISON COMPANY
to Increase Rates.

---

DAVID SHELDON,

        Appellant,

v

MICHIGAN PUBLIC SERVICE COMMISSION,

        Appellee,

and

DETROIT EDISON COMPANY,

        Petitioner-Appellee.

UNPUBLISHED
July 21, 2015

No. 319194
MPSC
LC No. 00-015768

---

Before: RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM.

Appellant David Sheldon, appeals as of right from an order of the Michigan Public Service Commission (PSC) allowing Detroit Edison Company (Edison) to begin deployment of its Advanced Meter Infrastructure (AMI) program. We affirm.[1]

Edison began the implementation of a "smart grid" system several years ago. A smart grid system uses improvements to technology to increase the reliability of the electric grid. The AMI system is one component of a smart grid system. An AMI system records power

---

[1] Appellant argues that he has standing to bring this appeal because he was aggrieved by the PSC's order. We agree. The fact that appellant seeks to raise issues that the PSC found to be beyond the scope of the remand does not mandate a conclusion that appellant is not a party in interest and lacks standing to bring this appeal. MCL 462.26(1).

-1-

consumption data in near-real-time, and reports usage to the utility at frequent intervals. An AMI meter is also known as a smart meter.

The PSC approved a rate increase and a continuation of Edison's pilot program to implement an AMI system in its service territory. In *In re Applications of Detroit Edison Co*, 296 Mich App 101; 817 NW2d 630 (2012), this Court affirmed in part, reversed in part, and remanded for further proceedings. This Court found that the PSC's decision to approve funding for Edison's AMI program "was not supported by competent, material, and substantial evidence on the whole record." *Id*. at 114 (quotation marks and citations omitted). This Court stated:

> On the record before the PSC and, perforce, before us, the PSC's decision was erroneous. Accordingly, we remand this matter for the PSC to conduct a full hearing on the AMI program, during which it will consider, among other relevant matters, evidence related to the benefits, usefulness, and potential burdens of the AMI, specific information gleaned from pilot phases of the program regarding costs, operations, and customer response and impact, an assessment of similar programs initiated here or in other states, risks associated with AMI, and projected effects on rates. In other words, a real record, with solid evidence, should support whatever decision the PSC makes on remand. [*Id*. at 116.]

Appellant filed a petition to intervene in the case on remand, noting that this Court remanded the case to the PSC for, among other things, the risks and potential burdens associated with the AMI program. Appellant contended that he and other persons who might have sought to intervene when the case was originally filed did not have a fair opportunity to do so because the public notice did not make clear that Edison "was, in effect, seeking approval from the Commission for a radically new technology that will intimately and directly impact the lifestyles of all customers."

The Administrative Law Judge (ALJ) denied appellant's petition to intervene, finding that the original public notice was sufficient, that the petition to intervene was untimely because this proceeding was a continuation of the original case and not a new matter, that no good cause existed for the failure to intervene for more than three years, and that the scope of the issues addressed in appellant's petition were beyond the scope of the Court of Appeals' remand.

The PSC affirmed the denial of the petition to intervene, finding that the petition was untimely and that the issues on remand were to be limited in order to respond to the Court of Appeals' remand order." The PSC noted that two other potential intervenors had been admitted as parties in another case, and would have an opportunity to raise issues of health, privacy, and other concerns voiced by persons who did not wish to receive an AMI meter in that case.[2]

---

[2] In *In re Application of Detroit Edison Company to Implement Opt Out Program*, unpublished per curiam opinion of the Court of Appeals, issued February 19, 2015 (Docket Nos. 316728, 316781), this Court addressed issues raised by these and other intervenors, and found the issues to be without merit or beyond the scope of the proceeding.

The PSC entered an order finding that the costs of Edison's AMI pilot program were just and reasonable, and granting Edison's request to recover those costs.

The standard of review for PSC orders is narrow and well defined. Pursuant to MCL 462.25, all rates, fares, charges, classification and joint rates, regulations, practices, and services prescribed by the PSC are presumed, prima facie, to be lawful and reasonable. *Michigan Consol Gas Co v Public Serv Comm*, 389 Mich 624, 635-636; 209 NW2d 210 (1973). A party aggrieved by an order of the PSC has the burden of proving by clear and convincing evidence that the order is unlawful or unreasonable. MCL 462.26(8). To establish that a PSC order is unlawful, the appellant must show that the PSC "failed to follow some mandatory provision of the statute or was guilty of an abuse of discretion in the exercise of its judgment." *In re MCI Telecom Complaint*, 460 Mich 396, 427; 596 NW2d 164 (1999) (citations and quotations omitted). "[A]n order is unreasonable if it is not supported by the evidence." *In re Complaint of Consumers Energy Co.*, 255 Mich App 496, 501, 660 NW2d 785, 787 (2002).

A final order of the PSC "must be authorized by law and be supported by competent, material, and substantial evidence" on the whole record. Const 1963, art 6, § 28; *Attorney General v Public Serv Comm*, 165 Mich App 230, 235; 418 NW2d 660 (1987).

"This Court gives due deference to the PSC's administrative expertise and is not to substitute its judgment for that of the PSC." *Attorney General v Public Serv Comm No 2*, 237 Mich App 82, 88; 602 NW2d 225 (1999). We give respectful consideration to the PSC's construction of a statute that the PSC is empowered to execute, and we will not overrule that construction absent cogent reasons. If the language of a statute is vague or obscure, the PSC's construction serves as an aid to determining the legislative intent, and will be given weight if it does not conflict with the language of the statute or the purpose of the Legislature. However, the construction given to a statute by the PSC is not binding on us. *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 103-109; 754 NW2d 259 (2008). "Whether the PSC exceeded the scope of its authority is a question of law that we review de novo." *In re Complaint of Pelland Against Ameritech Mich*, 254 Mich App 675, 682; 658 NW2d 849 (2003).

We review de novo the question whether a lower court followed an appellate court's ruling on remand. *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 127; 737 NW2d 782 (2007).

On appeal, appellant argues that the PSC erred by concluding that the scope of this Court's remand order was limited to the question of rates associated with Edison's AMI program. We disagree.

In *In re Detroit Edison Co*, this Court found that the PSC erred by approving funding for Edison's AMI project. *In re Detroit Edison Co*, 296 Mich App at 114. This Court found that the PSC's decision was not supported by competent, material, and substantial evidence on the whole record, and that the evidence Edison produced to support the rate increase was "aspirational" and that it was "optimistic" and "speculative." *Id*. at 114-115. This Court concluded that the PSC could not support a rate increase "without an informed assessment supported by competent, material, and substantial evidence." *Id*. at 115. For that reason this Court remanded the case to the PSC for development of the record. *Id*. at 116. Appellant correctly notes that this Court

made reference to another case in which the PSC sought to address various concerns, including those related to health and privacy, related to AMI meters. *Id*. at 115 n 3. However, no language in the remand order indicates that this Court intended to have the parties in this case address all of those same issues on remand. Rather the remand language indicates that the evidence on which the PSC relied to approve Edison's rate increase for the AMI program was lacking. *Id*. at 116. The PSC did not violate the remand order by limiting the scope of the remand proceedings to the issue of the rates to be charged by Edison for the AMI program. No error occurred; thus, appellant's argument that the PSC's error was not harmless is moot.

Finally, appellant argues that the PSC's authority extended beyond ratemaking in this case because interested parties filed written complaints expressing concerns about AMI meters. The PSC's authority to investigate and enter appropriate orders was not constrained by the management prerogatives doctrine. We disagree.

The PSC has broad authority to regulate rates for public utilities. MCL 460.6a(1). This authority "does not include the power to make management decisions" for a public utility. *Consumers Power Co v Public Serv Comm*, 460 Mich 148, 157-158; 596 NW2d 126 (1999) (PSC lacked authority to order utilities to transport electricity produced and sold by other utilities to consumers); *Union Carbide Corp*, 431 Mich 135, 148-150; 428 NW2d 322 (1998) (PSC lacked authority to forbid the operation of a facility).

MCL 460.58 reads in pertinent part:

> Upon complaint in writing that any rate, classification, regulation or practice charged, made or observed by any public utility is unjust, inaccurate, or improper, to the prejudice of the complainant, the commission shall proceed to investigate the matter.

In the past several years municipal officials and individuals have begun expressing concern about AMI meters. In response, the PSC initiated a case and directed regulated electric utilities to submit information regarding the utility's plans to deploy AMI meters, etc. The case was not initiated pursuant to a "complaint in writing" as seemingly alleged by appellant. The resolutions expressing concern about AMI meters passed by various municipalities were not filed with the PSC and thus did not constitute the type of "complaint in writing" referred to in statutes such as MCL 460.58. Similarly, the comments submitted by individuals when the PSC opened the case for comments did not constitute complaints.

Edison initiated this case by seeking a rate increase and approval for continuation of the AMI pilot program. The case was not initiated by the filing of a complaint. No error occurred.

Affirmed.

/s/ Amy Ronayne Krause
/s/ William B. Murphy
/s/ Deborah A. Servitto

-4-