# STATE OF MICHIGAN

# COURT OF APPEALS

In re Application of CONSUMERS ENERGY to
Increase Electric Rates.

---

ATTORNEY GENERAL,

      Appellant,

v

MICHIGAN PUBLIC SERVICE COMMISSION,

      Appellee,

and

CONSUMERS ENERGY COMPANY,

      Petitioner-Appellee.

FOR PUBLICATION
July 5, 2016

No. 317434
MPSC
LC No. 00-017087

---

ON REMAND

Before: O'CONNELL, P.J., and FORT HOOD and GADOLA, JJ.

O'CONNELL, P.J. (*dissenting*).

I respectfully dissent.

The Attorney General's settlement in this case preserved two issues for further review: (1) a request to the Public Service Commission (PSC) to suspend the advanced metering infrastructure (AMI) program, and (2) should the program continue, an objection to the amount of the opt-out fee. These issues are based on the PSC's decision regarding the costs and benefits of the AMI program. Unfortunately, the lower court's decision regarding these two issues does not provide this Court with an opportunity to meaningfully review its decision. I would remand this case to the PSC with directions to fully address the two issues reserved by the Attorney General in its stipulated settlement agreement.

## A. THE MAJORITY OPINION

Our Supreme Court has remanded this case to specifically address the issues that the Attorney General preserved in its settlement agreement in this case:

-1-

On order of the Court, the application for leave to appeal the April 30, 2015 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE that part of the Court of Appeals judgment that addressed the claim of appeal filed by the Attorney General, Docket No. 317434, and we REMAND this case to the Court of Appeals for consideration of the merits of that claim of appeal. The fact that the Attorney General stipulated to the settlement agreement that recognized a rate increase is not inconsistent with the Attorney General's appeal from the June 28, 2013 decision of the Michigan Public Service Commission. That decision resolved issues preserved by the Attorney General in the settlement agreement. Those preserved issues can be addressed independent of the $89 million in rate relief approved pursuant to the settlement agreement. This order does not disturb the Court of Appeals disposition in the consolidated case, Docket No. 317456. We express no opinion regarding the merits of the Attorney General's appeal. [*Attorney General v Mich Pub Serv Comm*, 498 Mich 967 (2016)].

Despite that the PSC made only one finding—that Consumers proved its case, a finding full of conclusory statements and absent reasoning or reference to the proofs—the majority opinion concludes that the PSC made sufficient findings on this issue such that Consumers proved its entitlement to recovery costs. And the majority opinion does not address the opt-out fee other than to note that the PSC entered an order approving Consumers Energy's opt-out tariffs.[1] I strongly disagree with the majority's analysis.

In the initial companion cases, *In re Application of Consumers Energy to Increase Electric Rates*, unpublished opinion per curiam of the Court of Appeals, issued April 30, 2015 (Docket Nos. 317434; 317456), this Court concluded that the PSC gave only a cursory analysis to some of the issues presented in this case on the exact same lower court record, including a cursory analysis of the costs and benefits of the AMI program. As a result, we remanded Docket No. 317456 back to the PSC for a contested case hearing. However, in this instant appeal, the majority relies on the same cursory analysis this Court found fatal in our prior opinion.

I conclude that a cursory analysis is a cursory analysis is a cursory analysis, and no amount of parsing can save this case from the required remand. In my opinion, the majority's decision not to remand this case, which has the same lower court record as Docket No. 317456, is contradictory and defies logic.

## B. HISTORY OF THE PRESENT CASE

---

[1] I read the Michigan Supreme Court's order as instructing this Court to address the issues preserved in the settlement agreement. In the settlement agreement, the Attorney General explicitly preserved the opt-out issue. The opt-out tariff issue is entwined with the recovery costs issue: a reduced opt-out tariff would affect Consumers' expected revenues. Additionally—and most importantly—the PSC's failure to meaningfully address the issue, despite the parties' arguments, illustrates why the PSC's extremely brief decision below is insufficient.

After this Court issued the first opinion in the initial companion cases, the Attorney General filed a motion for reconsideration, asking this Court to consider two issues we did not consider in our prior opinion. The Attorney General was correct: our opinion did not address the Attorney General's concerns. Without explanation, the majority denied the Attorney General's request to reconsider our prior opinion and address the Attorney General's two issues. In an attempt to convince the majority that the Attorney General's motion for reconsideration was meritorious, I drafted a 22 page opinion on reconsideration. *In re Application of Consumers Energy to Increase Electric Rates*, unpublished order of the Court of Appeals, issued July 22, 2015 (Docket Nos. 317434 and 317456). At risk of reversal, the majority refused to address the merits of the Attorney General's motion on reconsideration. Appropriately, the Attorney General appealed to the Supreme Court.

In what can only be considered the speed of sound by Our Supreme Court's standards, our Supreme Court reversed our prior opinion for our failure to address the two issues the Attorney General reserved in its stipulated settlement with Consumers Energy. The Supreme Court directed us to consider the Attorney General's arguments that were raised in the Attorney General's motion for reconsideration. But rather than respond to the Supreme Court's directive on remand, the majority's present opinion concludes that the Attorney General did not appeal certain parts of the lower court rulings concerning the cost benefit analysis of the AMI program and, therefore, the majority is free to ignore the Supreme Court's directive. Since the Court of Appeals is an inferior court to the Supreme Court, this Court has a duty to follow the Supreme Court's remand orders.[2] In my opinion, the majority's response to the Supreme Court's directions on remand risks a second reversal in the present case.

## C. ANALYSIS

The Attorney General contends that competent, material, and substantial evidence did not support the PSC's findings below. I agree.

We give due deference to the PSC's administrative expertise and will not substitute our judgment for that of the PSC. *Attorney General v Pub Serv Comm No 2*, 237 Mich App 82, 88; 602 NW2d 225 (1999). However, a final order of the PSC must be authorized by law and be supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; *Attorney General v Pub Serv Comm*, 165 Mich App 230, 235; 418 NW2d 660 (1987). Substantial evidence is evidence that a reasonable person would accept as sufficient to support the conclusion. *Wayne Co v Mich State Tax Comm*, 261 Mich App 174, 186-187; 682 NW2d 100 (2004).

The Attorney General contested Consumers' right to recover costs. The PSC may allow a utility to recover its costs "only when the utility proves that recovery of the costs is just and

---

[2] This Court must follow clear instructions in the Michigan Supreme Court's remand orders. See *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523, 544; 705 NW2d 365 (2005).

reasonable." *In re Applications of Detroit Edison Co*, 296 Mich App 101, 116; 817 NW2d 630 (2012).

In this case, Consumers' AMI program called for installation of smart meters at a total cost of $750 million. Consumers asserted that the program would result in a net savings of $42 million dollars. However, below, only one witness, Lauren Youngdahl, testified regarding the costs and benefits of the program. Youngdahl did not support her testimony with any evidence—neither data nor details—but instead merely speculated on the basis of Consumers' plans for future years and offered conclusory assertions. Consumers refused to respond regarding how it calculated assumed customer savings for the future years, and instead stated that it had estimated it would recover more in uncollectable expenses.

In contrast, the Attorney General's expert Sebastian Coppola testified that the cost/benefit analysis yielded a *negative* net result of about $133 million dollars.[3] Coppola supported his testimony with statistical analysis and data, and pointed out several flaws in Consumers' methodology, including its small sample sizes. Even Consumers admitted that "[t]he savings related to energy conservation benefits cannot be confirmed at this time . . . ."

Regardless of the shortcomings in Consumers' proofs, in a scant three sentences that provided no reasoning whatsoever, the PSC found that Consumers' proofs were "more than sufficient." The PSC made no specific findings regarding the contested elements of the costs and benefits, but instead stated in general terms that it was not persuaded that the savings were overstated. Unlike the majority, I am not convinced that this analysis was reasonable and supported by sufficient evidence. Consumers' speculative proofs were not sufficient to allow a reasonable person to conclude that Consumers had justified the recovery costs. And regarding the opt-out fee issue (which the majority fails to address entirely), the PSC's decision does not address the Attorney General's concerns or make any specific findings. This Court is unable to conduct a meaningful review of such a deficient decision.

## D. CONCLUSION

On remand, the Supreme Court has ordered the majority to address the issues preserved in the stipulated settlement agreement. Those issues are (1) whether the AMI program should be suspended because the PSC's decision lacked competent, material, and substantial evidence, and (2) if the program should continue, whether the opt-out tariffs are reasonable. For the reasons stated above, meaningful review of these issues, particularly regarding the opt-out tariffs, is impossible because the record is absent the findings necessary to conduct such a review.

For the reasons stated, I would remand this case to the PSC. I would retain jurisdiction.

/s/ Peter D. O'Connell

---

[3] Much like a spouse recently returned from a shopping spree who declares how much they have saved through the use of coupons, when they have still spent an amount far in excess of what they "saved."